1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                         **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN JEROME WILLIAMS, | CASE NO. 09cv1957-MMA (RBB) |
| Plaintiff, | |
| vs. | **ORDER RE: MOTION FOR RECONSIDERATION AND FOR LEAVE TO FILE AMENDED COMPLAINT** |
| LARRY SMALL, et al., | |
| Defendant. | [Doc. No. 41] |

Plaintiff Stephen Jerome Williams, a state inmate currently incarcerated at Calipatria State Prison, located in Calipatria, California, proceeding *pro se*, has submitted a motion for reconsideration pursuant to Civil Local Rule 7.1(i) and for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff requests that the Court reconsider its November 3, 2010 order granting Defendants' motion to dismiss and allow leave to amend those claims for relief previously dismissed with prejudice and without leave to amend. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.

**D**ISCUSSION

*1.     Standard of Review*

Civil Local Rule 7.1(i) permits motions for reconsideration and provides that a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. Cal. Civ. LR 7.1(i)(1). The party seeking reconsideration must show "what new or different facts and

circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*  Civil Local Rule 7.1(i)(2), however, only permits motions for reconsideration within "30 days of the entry of the ruling."  Here, it appears that Plaintiff submitted this motion to prison officials on January 1, 2011.  *See attached Certificate of Service.*  The motion was filed on January 6, 2011.  *See Doc. No. 41.*  Thus, the motion is technically untimely.  However, Plaintiff advised the Court previously regarding a prison lock down, his transfer to administrative segregation, and consequent confiscation of his legal papers, together which delayed his ability to prepare an amended complaint or otherwise respond to the Court's November 3, 2010 order.  *See Doc. No. 39.*  As such, the Court shall excuse the late filing.

However, even if the Court were to preclude the motion under the Civil Local Rules as untimely, in the alternative it could construe Plaintiff's motion as one to alter or amend a judgment under Rule 60(b).  *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).  Rule 60(b) provides that a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken."  Fed. R. Civ. P. 60(b).  Reconsideration may be granted in the case of:  (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief.  *Id.*

    2.    *Analysis*

        a)    <u>Claim for Injunctive Relief</u>

Plaintiff first requests that the Court reconsider the dismissal of his claim for injunctive relief.  In his second amended complaint, Plaintiff requests an injunction preventing the Warden "from subjecting Calipatria State Prison inmates to its Underground Contraband Watch Regulation."  The Court dismissed the claim for injunctive relief as a result of its dismissal with prejudice of Plaintiff's official capacity claim against Defendant McEwen, stating:

> An alleged violation of prison regulations does not provide a basis for an independent cause of action under section 1983, and absent the promulgation of "a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation,'" Plaintiff cannot state a claim against Defendant McEwen in his official capacity, and his claim for injunctive relief is subject to dismissal.

09cv1957

1

*See Court's November 3, 2010 Order*, 9 (citations omitted).

2

Plaintiff seeks reconsideration of the Court's order, arguing that his second amended

3

complaint satisfactorily alleged that the contraband watch policy itself amounted to cruel and

4

unusual punishment in violation of the Eighth Amendment and the deprivation of a liberty interest

5

under the Fourteenth Amendment.  Plaintiff is correct that if a supervisor, such as a warden,

6

implements a policy so deficient that the policy itself is a repudiation of constitutional rights, a cause

7

of action may lie under section 1983 against the supervisor.  *Wesley v. Davis*, 333 F.Supp.2d 888,

8

892.  However, even if the Court were to find that Plaintiff stated a plausible claim against

9

Defendant McEwen, such a finding would not revive his claim for injunctive relief on the separate

10

and independent basis that the claim is moot, as noted by Defendants in their motion to dismiss.

11

A claim is considered moot if it has lost its character as a present, live controversy, and if no

12

effective relief can be granted.  *Flast v. Cohen*, 392 U.S. 83, 95 (1968).  A claim for injunctive relief

13

brought under 42 U.S.C. § 1983 is moot if the plaintiff is no longer subject to the alleged illegal

14

conduct.  *Wiggins v. Rushen*, 760 F.2d 1009 (9th Cir. 1985).  Where injunctive relief is involved,

15

questions of mootness are determined in light of the present circumstances.  *Mitchell v. Dupnik*, 75

16

F.3d 517, 528 (9th Cir. 1996).  Plaintiff is no longer on contraband watch.  Therefore, an injunction

17

ordering defendants to stop subjecting Plaintiff to Calipatria's contraband watch policy would not

18

grant Plaintiff any relief.  *See Flast*, 392 U.S. at 95.  As such, Plaintiff's claim for equitable relief

19

which relates to Calipatria's policy is moot, unless the suit has been certified as a class action, which

20

it has not.  *Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Dilley v. Gunn*, 64 F.3d 1365, 1368

21

(9th Cir. 1995).  Thus, as to his claim for injunctive relief, the Court **DENIES IN PART** Plaintiff's

22

motion for reconsideration.

23

        b)     <u>Eighth Amendment Claims</u>

24

Second, to the extent the Court dismissed his Eighth Amendment claims with prejudice as to

25

certain defendants, Plaintiff requests the Court reconsider its November 3, 2010 order and allow him

26

to amend those claims.  Plaintiff asserts that he can supplement his pleadings to demonstrate that

27

each of the defendants personally participated in his constitutional deprivations, and thus

28

amendment would not be futile.

1    The Court is mindful that it must construe Plaintiff's allegations liberally and must afford

2    Plaintiff the benefit of any doubt.  *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623

3    (9th Cir. 1988).  A *pro se* litigant must be given leave to amend his or her complaint unless it is

4    absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  *Id*; *Noll v.*

5    *Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  In the instant case, taking into consideration that

6    Defendants have not filed an opposition, the Court **GRANTS IN PART** Plaintiff's motion for

7    reconsideration and **GRANTS** Plaintiff leave to amend his Eighth Amendment claim against

8    Defendants Diaz, Johnson, and Kellerman.

9              c)        Unknown Defendants

10   Finally, Plaintiff seeks leave to amend his complaint to add previously unknown defendants.

11   Plaintiff asserts that he has identified certain of these individuals since the Court issued its

12   November 3, 2010 order.  The Court granted Plaintiff this relief in its order, specifically stating that

13   "the Court dismisses Plaintiff's claims against the unknown defendants without prejudice.  Should

14   Plaintiff discover their identities in a timely manner, he may move to add them to an operative

15   pleading at a later date."  *See Order, 5*.  Plaintiff may include these newly identified defendants in

16   his third amended complaint, and thus he need not make any separate motion to do so.

17                                    **CONCLUSION**

18   Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's

19   motion for reconsideration of the Court's November 3, 2010 order.  Plaintiff has attached a proposed

20   third amended complaint as Exhibit "B" to his motion.  Because the Court has granted Plaintiff

21   further leave to amend, the Court declines to accept his proposed third amended complaint for filing

22   and shall give Plaintiff an additional **thirty (30) days** in which to file a third amended complaint that

23   complies with the terms and conditions stated herein.

24        **IT IS SO ORDERED**.

25   DATED:  February 14, 2011

26

27                                    Hon. Michael M. Anello
                                      United States District Judge

28