# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN JEROME WILLIAMS,<br><br>  Plaintiff,<br>v.<br><br>LARRY SMALL, et al,<br><br>  Defendants. | Civil No. 09cv1957-MMA (RBB)<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 4(c)(3) AND 28 U.S.C. § 1915(d)** |

Stephen Jerome Williams ("Plaintiff") is a California state prisoner proceeding *pro se* in the above-captioned matter. Along with his original complaint, Plaintiff filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The Court granted Plaintiff's motion and dismissed his complaint without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A. Plaintiff filed a first amended complaint ("FAC") and the Court directed the U.S. Marshal to effect service of the summons and FAC pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d). Thereafter, the Court granted Plaintiff leave to file a second amended complaint ("SAC") adding a newly identified Defendant. Plaintiff filed his SAC, and the Court provided Plaintiff with an IFP package and ordered the U.S. Marshal to effect service on the newly named Defendant. Defendants moved to dismiss Plaintiff's SAC. The Court granted the motion, but allowed Plaintiff leave to amend certain claims and to add newly identified Defendants.

///

///

On October 26, 2011, Plaintiff filed a third amended complaint [Doc. No. 47] amending his claims and adding five additional Defendants: C. Huey, T. Barajaz, J. Hurtado, H. Amezcua, and J. Gomez. Because Plaintiff is proceeding *in forma pauperis* in this case, as noted above, he is entitled to have service effected by the U.S. Marshal with respect to these five newly added Defendants. *See* FED. R. CIV. P. 4(c)(2). However, it appears that a summons did not issue on the third amended complaint, nor did Plaintiff receive an "IFP Package." As such, the newly added Defendants have not been served with the third amended complaint.

The Court notes that Plaintiff's time for serving the third amended complaint on the newly added Defendants is set to expire within several days. *See* Fed. R. Civ. P. 4(m) (service within 120 days after complaint is filed). However, where a delay in service is attributable to the court clerk, such as is the case here, such delay constitutes "good cause" to avoid dismissal under Rule 4(m). *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) ("[P]laintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure."); *see also, Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). Furthermore, the Court enjoys broad discretion under Rule 4(m) to extend time for service even without a showing of good cause. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001); *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (holding that district court may, under the broad discretion granted by Rule 4(m), extend time for service retroactively after the 120-day service period has expired).

Accordingly,

**IT IS HEREBY ORDERED THAT**:

1. Service of the third amended complaint [Doc. No. 47] is appropriate for the following defendants:

    a) C. HUEY, ASU Sergeant, Calipatria State Prison, Calipatria CA;

    b) T. BARAJAZ, ASU Correctional Officer, Calipatria State Prison, Calipatria CA;

    c) J. HURTADO, ASU Correctional Officer, Calipatria State Prison, Calipatria CA;

    d) H. AMEZCUA, ASU Correctional Officer, Calipatria State Prison, Calipatria CA;

    e) J. GOMEZ, License Vocational Nurse, Calipatria State Prison, Calipatria CA.

2.      The Clerk shall issue a summons upon the above-named Defendants, and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant.  In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, and certified copies of his third amended complaint and the summons for purposes of serving each of the above-named Defendants (together, an "IFP Package").

3.      The Court **GRANTS** Plaintiff an extension of time to effect service upon the five above-named Defendants pursuant to Rule 4(m).  Upon receipt of his "IFP Package," Plaintiff shall complete, as accurately and clearly as possible, the U.S. Marshal Form 285s provided to him, and shall return them to the U.S. Marshal, along with all the necessary materials described in the Clerk's letter accompanying his "IFP package," no later than ***March 29, 2012***.  Thereafter, the U.S. Marshal shall serve a copy of the third amended complaint and summons upon each of the above-named Defendants as directed by Plaintiff on each Form 285.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

3.      The above-named Defendants are thereafter **ORDERED** to reply to the Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

4.      Plaintiff shall serve upon the above-named Defendants or, if appearance has been entered by counsel, upon these Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document served on any Defendant, or their counsel, and the date of service.  Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED**.

DATED: February 21, 2012

*[signature]*

Hon. Michael M. Anello
United States District Judge