1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

STEPHEN JEROME WILLIAMS,

CASE NO. 09-CV-1957-MMA(RBB)

12

Plaintiff,

13

vs.

**ORDER RE: DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S
THIRD AMENDED COMPLAINT**

14
15

LARRY SMALL, et al.,

[Doc. No. 48]

16

Defendant.

17            On September 4, 2009, Plaintiff Stephen Jerome Williams ("Plaintiff"), a state prisoner

18    proceeding *pro se*, commenced this action seeking relief under Title 42 of the United States Code,

19    section 1983.  Plaintiff filed his Third Amended Complaint on October 26, 2011 [Doc. No. 47].

20    Defendants R. Johnson, J. Kellerman, T. Diaz, S. Anderson, and R. Hopper move to dismiss

21    Plaintiff's Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc.

22    No. 48].[1]  Plaintiff filed an opposition to the motion [Doc. No. 51], to which Defendants replied

23    [Doc. No. 52].  For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART**

24    Defendants' motion.

25    ///

26    ///

27

28            [1] Five additional Defendants are named in the Third Amended Complaint, but have not yet
appeared in this action.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**BACKGROUND**</u>

Plaintiff is a prisoner currently incarcerated at Calipatria State Prison, proceeding *pro se* and *in forma pauperis* on his Third Amended Complaint ("TAC"). The Moving Defendants are a group of correctional officers and prison officials at Calipatria State Prison. Plaintiff complains of events occurring at Calipatria State Prison on or about February 26, 2009 through March 3, 2009, during his transfer to Administrative Segregation ("Ad Seg") and placement on contraband watch. The Court recited Plaintiff's allegations against the Moving Defendants in detail in its November 3, 2011 order. *See* Doc. No. 38 at 2-3. Accordingly, the Court shall not repeat those allegations here and incorporates by reference the "Background" section of that order. *Id*. To the extent Plaintiff supports his claims with additional factual allegations against the Moving Defendants, the Court discusses those facts below.

<u>**DISCUSSION**</u>

*1.    Legal Standard*

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *See Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999). "The old formula – that the complaint must not be dismissed unless it is beyond doubt without merit – was discarded by the *Bell Atlantic* decision [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007)]." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

A complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S.__ , 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), citing *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

1   Cir. 1986).

2          2.      *Standards Applicable to Pro Se Litigants*

3          Where a plaintiff appears in propria persona in a civil rights case, the court must construe the

4   pleadings liberally and afford the plaintiff any benefit of the doubt.  *Karim-Panahi v. Los Angeles*

5   *Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is "particularly

6   important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving

7   liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of

8   claims that were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268

9   (9th Cir. 1982).  "Vague and conclusory allegations of official participation in civil rights violations

10  are not sufficient to withstand a motion to dismiss."  *Id.*; *see also Jones v. Cmty. Redev. Agency*, 733

11  F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to

12  state a claim under § 1983).  "The plaintiff must allege with at least some degree of particularity

13  overt acts which defendants engaged in that support the plaintiff's claim."  *Jones*, 733 F.2d at 649

14  (internal quotation omitted).

15          The Court must give a *pro se* litigant leave to amend his complaint "unless it determines that

16  the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d

17  1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted), citing *Noll v. Carlson*, 809 F.2d 1446,

18  1447 (9th Cir. 1987).  Thus, before a *pro se* civil rights complaint may be dismissed, the court must

19  provide the plaintiff with a statement of the complaint's deficiencies.  *Karim-Panahi*, 839 F.2d at

20  623-24.  But where amendment of a *pro se* litigant's complaint would be futile, denial of leave to

21  amend is appropriate.  *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

22          3.      *Plaintiff's Claims*

23          Construing his pleading liberally, as the Court is bound to do, Plaintiff alleges four causes of

24  action in his TAC, each arising out of rights articulated in the Eighth Amendment.  First, Plaintiff re-

25  alleges an excessive force claim against all named Defendants, based on injuries he sustained as a

26  result of being placed in physical restraints upon transfer to Ad Seg.  Second, Plaintiff has

27  reformulated his allegations and now asserts a failure to protect claim against Moving Defendants

28  Diaz, Johnson, and Kellerman.  Third, Plaintiff re-alleges a conditions of confinement claim against

all named Defendants, based on the circumstances of his imprisonment while on contraband watch.

Finally, Plaintiff re-alleges his deliberate indifference to serious medical needs claim against all named Defendants.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quoting *Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind," *Id.* (quoting *Wilson*, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. *Id.* (quoting *Wilson*, 501 U.S. at 302-303).

a)      Excessive Force

Plaintiff alleges his excessive force cause of action against all Moving Defendants, however, the Court previously granted Plaintiff leave to amend this claim only with respect to Defendants Diaz, Johnson, and Kellerman. *See Court's February 14, 2011 Order Re: Plaintiff's Motion for Reconsideration*, Doc. No. 42. Plaintiff offers additional detailed factual allegations in his TAC only with respect to newly identified Defendant Barajas, who has not yet been served or appeared in this action. *See Court's February 21, 2012 Order Directing Service of TAC*, Doc. No. 53.

An excessive force claim requires the Court to determine "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Hudson v. McMillian*, 503 U.S. 1, 6 (1992), quoting *Whitley v. Albers*, 475 U.S. 312, 320-321 (1986). Plaintiff once again fails to state a plausible excessive force claim against Moving Defendants Diaz, Johnson, or Kellerman. According to the TAC, the only officer who personally

1   participated in the physical restraint of Plaintiff upon his arrival at Ad Seg is Defendant Barajas,

2   who has not yet appeared in this action.  To establish liability under section 1983, Plaintiff must

3   demonstrate a defendant's personal involvement in the alleged violation.  *See Torres v. City of L.A.*,

4   548 F.3d 1197, 1206 (9th Cir. 2008).  Plaintiff does not allege that the three Moving Defendants

5   used any force themselves, or physically processed or restrained Plaintiff upon his arrival at Ad Seg.

6   As such, Plaintiff's excessive force claim against Moving Defendants Diaz, Johnson, and Kellerman

7   is subject to dismissal.

8           Based on Plaintiff's allegations, and in light of the fact that the Court has provided Plaintiff

9   ample opportunity to amend his excessive force claim against these three Moving Defendants, the

10  Court concludes that any further amendment would be futile.  Dismissal of Plaintiff's excessive

11  force claim against Defendants Diaz, Johnson, and Kellerman shall be with prejudice.  *Cahill v.*

12  *Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (leave to amend should not be granted where

13  to do so would be futile).

14                  b)      Failure to Protect

15          Plaintiff alleges that the conditions of his confinement while on contraband watch violated

16  the Eighth Amendment.  Plaintiff does not allege that Moving Defendants Diaz, Johnson, or

17  Kellerman spoke to or observed Plaintiff while he was on contraband watch.  However, Plaintiff has

18  clarified the nature of his claims against Moving Defendants Diaz, Johnson, and Kellerman, and

19  now appears to assert that these Defendants failed to protect him from the injuries he sustained as

20  result of being placed on contraband watch and subjected to the unconstitutional conditions of

21  confinement, and that they acted with deliberate indifference to a serious risk to his safety by

22  ordering his transfer to Ad Seg.  According to Plaintiff, "Sgt. Diaz, Lt. Johnson, and Captain

23  Kellerman collectively decided to place me on Contraband Watch for the purpose of punishing me

24  for disobeying a direct order.  They knew that they were making a decision that would cause me to

25  be placed at risk of serious harm, and were deliberately indifferent to my health and safety.  They

26  were each aware of what type of restraint I would be placed in and what type of conditions of

27  confinement I would be subjected to."  *TAC*, 5-6.

28          Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee

- 5 -

the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *DeShaney v.*

*Winnebago County Dep't of Social Services*, 489 U.S. 189, 199-200 (1989) ("[W]hen the State takes

a person into its custody and holds him there against his will, the Constitution imposes upon it a

corresponding duty to assume some responsibility for his safety and general well-being.").  To show

that a prisoner has been subjected to cruel and unusual punishment by an officer's failure to protect

him, he must point to evidence in the record which shows that the alleged deprivation was

objectively "sufficiently serious," i.e., that the conditions he faced posed a "substantial risk of

serious harm." *Farmer*, 511 U.S. at 834.  Second, because "only the unnecessary and wanton

infliction of pain implicates the Eighth Amendment," evidence must exist to show the defendant

acted with the requisite state of mind. *Hudson*, 503 U.S. at 5, 8.  In a failure to protect case, "that

state of mind is one of 'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at

834. "[D]eliberate indifference" entails something more than mere negligence, but may be satisfied

with proof of something less than acts or omissions "for the very purpose of causing harm," or that a

particular official "acted or failed to act believing that harm actually would befall an inmate; it is

enough that the official acted or failed to act despite his knowledge of a substantial risk of serious

harm." *Id.* at 842.

Even if Plaintiff's conditions of confinement in administrative segregation violated the

Eighth Amendment, the events surrounding Plaintiff's transfer to Ad Seg and placement on

contraband watch do not support an Eighth Amendment claim under the theory that Moving

Defendants Diaz, Johnson, and Kellerman knew of and disregarded an excessive risk to Plaintiff's

safety.  To the contrary, and as conceded by Plaintiff in his TAC, Plaintiff disobeyed a direct order

by Defendant Diaz to "cuff up," after which he swallowed contraband.  Based on Plaintiff's actions,

these three Moving Defendants had little choice but to transfer Plaintiff to contraband watch in order

to ensure that he expelled the SIM card.  A failure to do so would have placed Plaintiff's health in

jeopardy.  Furthermore, aside from conclusory allegations, Plaintiff fails to support his claim that

these three Moving Defendants "knew" they were placing him in harm's way, or that they were

deliberately indifferent to his health and safety.  Accordingly, Plaintiff fails to state a plausible

failure to protect claim against Defendants Diaz, Johnson, and Kellerman, and the claim shall be

1    dismissed with prejudice.

2                    c)    Conditions of Confinement

3          Plaintiff re-alleges an Eighth Amendment conditions of confinement claim.[2]  With regard to

4    the conditions he experienced during his time on contraband watch, Plaintiff generally avers that he

5    was placed in a holding cell which had a bench mounted to the floor, no bed, no sink, and no toilet.

6    *TAC*, 6.  Plaintiff alleges that a bright light remained lit 24 hours per day.  Plaintiff was provided

7    with a mattress, but no sheets or blanket.  *Id*. at 7.  Correctional officers informed Plaintiff that he

8    would remain on contraband watch for 72 hours, or until he was able to provide three separate bowel

9    movements.  After his first successful bowel movement, Plaintiff excreted the SIM card, after which

10   the correctional officers clapped and cheered.  *Id*.  Plaintiff was required to urinate in to a bottle, and

11   as a result, he urinated on his hands.  *Id*. at 8.  The correctional officers did not allow him to wash

12   his hands before eating his meals.  Nor was Plaintiff allowed to shower, wash his face, or brush his

13   teeth for the duration.  *Id*.

14         To plead a viable conditions of confinement claim, a plaintiff must allege facts satisfying

15   both an objective and subjective component.  *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  First,

16   a plaintiff must demonstrate an objectively serious deprivation, one that amounts to a denial of "the

17   minimal civilized measures of life's necessities."  *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir.

18   1996), quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  Minor deprivations suffered for

19   short periods of time will not rise to the level of an Eighth Amendment violation but "substantial

20   deprivations of shelter, food, drinking water, and sanitation" may meet the standard despite their

21   even shorter duration.  *Johnson v. Lewis*, 217 F.3d 726, 732 (9th Cir. 2000); *see also Whitnack v.*

22   *Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994) ("the length of time required before a

23   constitutional violation is made out decreases as the level of filthiness increases.").  Of particular

24   pertinence here, subjection of a prisoner to lack of sanitation that is severe or prolonged can

25   constitute an infliction of pain within the meaning of the Eighth Amendment.  *See, e.g., Johnson*,

26

27         [2] The Court previously dismissed Plaintiff's conditions of confinement claim without prejudice
     as to Moving Defendants Hopper and Andersen, who Plaintiff alleges personally observed and
28   interacted with Plaintiff during his time on contraband watch. *See Court's November 3, 2010 Order Re:
     Defendants' Motion to Dismiss*, Doc. No. 38.

217 F.3d at 732-33 (prisoners' allegations that they did not receive adequate access to toilets, and then were not allowed to clean themselves after, if believed, is sufficiently serious to satisfy objective component); *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir.), cert. denied, 516 U.S. 916  (1995).

Second, a plaintiff must show that prison officials acted with deliberate indifference.  *Wilson*, 501 U.S. at 303; *Johnson*, 217 F.3d at 733.  Plaintiff does not allege that Defendant Hopper or Anderson had primary responsibility for the conditions of his confinement while on contraband watch.  Rather, Plaintiff complains that both defendants, who held supervisory positions, knew of the conditions and subjected him to those conditions for a longer period of time than necessary, for no other reason than to inflict "malicious and sadistic punishment."  *TAC*, 9.  Plaintiff alleges that he asked both Defendants Hopper and Anderson that he be released from contraband watch after 72 hours elapsed and he had passed the SIM card.  *Id*. at 8.  However, Defendant Hopper denied the request and informed Plaintiff that he would not be released until he provided three separate bowel movements.  Defendant Anderson also denied Plaintiff's request, and ridiculed him.  *Id*. at 9.  A supervisor may be held liable if he or she knowingly refused to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury.  *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991).

The Court finds that Plaintiff has alleged a plausible conditions of confinement claim against Moving Defendants Hopper and Anderson.

> d)    Deliberate Indifference to a Serious Medical Need

Plaintiff re-alleges that all Defendants violated his Eighth Amendment rights through their deliberate indifference to his medical needs while on contraband watch.  In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant.  *Conn v. City of Reno*, 572 F.3d 1047, 1055 (9th Cir. 2009), quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff once again fails to allege facts linking any of the Moving Defendants to the denial of medical treatment.  Accordingly, Plaintiff's medical needs claim against the Moving Defendants is subject to dismissal with prejudice.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**CONCLUSION**</u>

Based on the foregoing, the Court **GRANTS IN PART** Defendants' motion and **DISMISSES** Plaintiff's excessive force claim as to Defendants Diaz, Johnson, and Kellerman with prejudice. Plaintiff's excessive force claim against Defendants Hopper and Anderson remains dismissed with prejudice. In addition, the Court dismisses Plaintiff's newly alleged failure to protect claim and his conditions of confinement claim against Defendants Diaz, Johnson, and Kellerman with prejudice. The Court dismisses Plaintiff's medical needs claim against all Moving Defendants with prejudice. This Order disposes of all claims against Defendants Diaz, Johnson, and Kellerman, and they shall be terminated from this action.

The Court **DENIES IN PART** Defendants' motion and finds that Plaintiff has stated a plausible conditions of confinement claim against Defendants Hopper and Anderson.

**IT IS SO ORDERED**.

DATED: April 16, 2012

_Michael M - Anello_

Hon. Michael M. Anello
United States District Judge

09cv1957