# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| STEPHEN JEROME WILLIAMS, | CASE NO. 09-CV-1957-MMA(RBB) |
|---|---|
| Plaintiff, | |
| vs. | **ORDER RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** |
| | [Doc. No. 63] |
| LARRY SMALL, et al., | |
| Defendant. | |

Approximately three years ago, Plaintiff Stephen Jerome Williams, a state prisoner proceeding *pro se*, commenced this action seeking relief under Title 42 of the United States Code, section 1983. Plaintiff complains of events occurring at Calipatria State Prison on or about February 26, 2009 through March 3, 2009, during his transfer to Administrative Segregation ("Ad Seg") and placement on contraband watch. Plaintiff filed his Third Amended Complaint on October 26, 2011 [Doc. No. 47]. Newly-served Defendants Gomez, Amezcua, Hurtado, Barajaz, and Hughey (collectively "Defendants") move to dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. No. 63]. Plaintiff filed an opposition to the motion [Doc. No. 65], to which the Defendants replied [Doc. No. 66]. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

**DISCUSSION**

Plaintiff alleges multiple violations of his Eighth Amendment right to be free from cruel and unusual punishment.[1] First, Plaintiff asserts an excessive force claim against all Defendants based on injuries he sustained as a result of being placed in physical restraints upon his transfer to Ad Seg and kept in those restraints for the duration of his tenure on contraband watch. Second, Plaintiff complains that he was subjected to inhumane conditions of confinement during the three days he spent on contraband watch. Third, Plaintiff alleges a deliberate indifference to serious medical needs claim based on injuries he sustained as a result of being physically restrained while on contraband watch.

*1.    Excessive Force*

The Court has reviewed Plaintiff's allegations and concludes that Plaintiff cannot make out a plausible excessive force claim based on the events in question. In order to state an excessive force claim, a prisoner must demonstrate that officials applied force "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320 (1986). Defendant Barajaz is the only defendant who applied any quantum of force directly to Plaintiff's person. Barajaz was tasked with physically preparing Plaintiff for his time on contraband watch, in terms of restraints and clothing. Plaintiff alleges that "Barajaz . . . tightly wrapped masking tape around both of my ankles, immediately cutting off my circulation in my legs. He then shackled my legs together with leg irons." *TAC*, 6. Barajaz proceeded to wrap masking tape around Plaintiff's abdomen and cuffed his hands to a waist chain. *Id*. Barajaz applied Plaintiff's physical restraints in accordance with applicable procedure. *See Plt's Oppn, Ex. A*. Plaintiff does not allege that Barajaz used any additional force against him, nor does he suggest that Barajaz was cruel or even deliberately indifferent regarding the application of the restraints. His claim that Barajaz used excessive force against him fails.

Plaintiff also attempts to state an excessive force claim against the other defendants based on the continuing use of restraints during his three day tenure on contraband watch. However, Plaintiff

---

[1] The Court incorporates by reference the factual background, analysis of Plaintiff's allegations, and all relevant procedural and constitutional legal standards recited in its previous orders. *See* Doc. Nos. 38, 60.

1  alleges no facts to suggest that any of the other defendants applied force to him.  Rather, Plaintiff
2  implicates the other defendants based on the refusal to lessen or eliminate the effects of the already
3  applied force." *Dunmore v. Janda*, 2011 U.S. Dist. LEXIS 109266, 24-25 (S.D. Cal. Sept. 26,
4  2011).  As such, his claims against the other defendants properly "fall under the Eighth
5  Amendment's protection against the denial of medical care." *Id*., citing *Clement v. Gomez*, 298 F.3d
6  898 at 904 (9th Cir. 2002).  Plaintiff's excessive force claim is subject to dismissal at to all
7  defendants.
8          2.     *Conditions of Confinement/Failure to Protect*
9          Defendants do not move to dismiss Plaintiff's conditions of confinement claim against
10 Defendants Hurtado and Amezcua.  Defendants specifically request "that all claims be dismissed
11 from the Third Amended Complaint except the inhumane-conditions-of-confinement claim against
12 previously served Defendants Hopper and Andersen, and newly served Defendants Amezcua and
13 Hurtado." *See Memo of P&A*, 16.  As such, Plaintiff's conditions of confinement claim shall
14 proceed against these four defendants.  However, the Court finds that Plaintiff does not state a
15 plausible conditions of confinement or failure to protect claim against any of the newly-served
16 defendants.  Plaintiff fails to allege facts sufficient to demonstrate that Defendant Barajaz was
17 responsible for or involved with the conditions Plaintiff experienced during his time in Ad Seg.
18 Plaintiff's claim against Defendants Hughey and Gomez fails for these reasons as well.
19         3.     *Serious Medical Needs*
20         Plaintiff states a plausible serious medical needs claim against Defendants Gomez and
21 Hughey.  To state a claim for denial of constitutionally adequate medical care, a plaintiff must allege
22 facts to support that he has or had a serious medical need and that a particular defendant acted with
23 deliberate indifference to that need.  *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  According
24 to Plaintiff, he suffered from headaches, neck and back pain while under restraint, all of which went
25 untreated, along with lacerations on his wrists and ankles, which became swollen and infected."
26 *TAC*, 10.  After his release from contraband watch and return to general population, he was
27 "diagnosed with 'Neuropathy' resulting from the numbness I was experiencing in my hand and feet.
28 This numbness subsided approximately six (6) months later, and I eventually regained feeling in my
   hands and feet as was predicted by the neurologist." *Id*.  Thus, Plaintiff adequately alleges that

1  Defendants' failure to treat his injuries resulted in further significant injury, as well as the
2  unnecessary infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting *Estelle*,
3  429 U.S. at 104.

4  Deliberate indifference in the medical context may be shown by a purposeful act or failure to
5  respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Id*. at
6  1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays,
7  or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical
8  needs. *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096. Here, Plaintiff claims that Hughey
9  "unreasonably and arbitrarily encouraged and influenced LVN J. Gomez to deny me medical
10 attention and access to a doctor in response to my serious medical needs" and Gomez "informed me
11 that my injuries were not that serious, and that inmates on Contraband Watch are not allowed to see
12 the doctor, and that I would have to wait until I returned to general population if I wanted to seek
13 any treatment for my injuries." *TAC*, 10-11. As such, Plaintiff also alleges sufficient facts to
14 demonstrate that Defendants Gomez and Hughey acted with the requisite state of mind when
15 denying him adequate medical treatment.

16  *4.  Qualified Immunity*

17  Defendants Hughey and Gomez assert that even if Plaintiff states a plausible serious medical
18 needs claim against them, that claim is subject to dismissal on the basis of qualified immunity.
19 However, qualified immunity is a fact specific inquiry, *Saucier v. Katz*, 533 U.S. 194, 201 (2001),
20 and the Ninth Circuit has cautioned that a motion to dismiss on qualified immunity grounds puts the
21 Court in the potentially untenable position of trying "to decide far-reaching constitutional questions
22 on a nonexistent factual record[.]" *Kwai Fun Wong v. United States*, 373 F.3d 952, 957 (9th Cir.
23 2004). The Court finds that such a fact intensive determination is inappropriate at this stage of the
24 proceedings. *See Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) ("[A] Rule 12(b)(6)
25 dismissal is not appropriate unless we can determine, based on the complaint itself, that qualified
26 immunity applies."). Thus, the Court **DENIES** Defendants' request for qualified immunity without
27 prejudice.

28

**CONCLUSION**

Based on the foregoing, the Court **GRANTS IN PART** Defendants' motion and **DISMISSES** Plaintiff's excessive force claim as to all defendants with prejudice.  In addition, the Court **DISMISSES** Plaintiff's conditions of confinement/failure to protect claim as to Defendants Barajaz, Hughey, and Gomez with prejudice.

The Court **DENIES IN PART** Defendants' motion and finds that Plaintiff has stated a plausible serious medical needs claim against Defendants Hughey and Gomez.  The Court **DENIES** Defendants Hughey and Gomez's request for qualified immunity without prejudice.

In sum, the following claims alleged in Plaintiff's Third Amended Complaint are not subject to dismissal and shall proceed: (1) Plaintiff's Eighth Amendment conditions of confinement claim against Defendants Hopper, Andersen, Amezcua, and Hurtado, and (2) Plaintiff's Eighth Amendment serious medical needs claim against Defendants Hughey and Gomez.

**IT IS SO ORDERED**.

DATED: August 3, 2012

Hon. Michael M. Anello
United States District Judge